UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

LARONE GRAHAM,　　　　　　　　　　　:　　　　No. 05-CR-16 (JS); 16-cv-3410 (JS)

　　　　　　　　Movant,　　　　　　　　:

　- against -　　　　　　　　　　　　　:

UNITED STATES OF AMERICA,　　　　　　:

　　　　　　　　Respondent.　　　　　　:

-------------------------------------------------------X

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE**

Amanda David
Andrew Dalack
FEDERAL DEFENDERS OF NEW YORK
1 Pierrepont Plaza, 16th Floor
Brooklyn, New York 11201
Tel.: (718) 330-1208
Email: amanda_david@fd.org

*Attorneys for Movant*

**INTRODUCTION**

Larone Graham, through undersigned counsel, respectfully submits this supplemental memorandum of law in support of his motion to vacate the judgment in his case and correct his sentence under 28 U.S.C. § 2255.  As set forth in Mr. Graham's opening motion, Mr. Graham is serving a 360-month sentence, 60 months of which stem from a conviction under 18 U.S.C. § 924(c) for possessing a firearm during a "crime of violence"—i.e., Hobbs Act Extortion and conspiracy to commit Hobbs Act Extortion in violation of 18 U.S.C. § 1951(a), (b)(2).  See Verdict Sheet at 5 (ECF No. 398).  But Hobbs Act Extortion and a conspiracy to commit the same qualified as "crimes of violence" under the definition of the term set forth at § 924(c)(3)(B), which is void for vagueness.  United States v. Davis, 139 S. Ct. 2319 (2019) (applying Johnson v. United States, 135 S. Ct. 2551 (2015) to determine that § 924(c)(3)(B) is unconstitutionally vague).  Accordingly, the Court should vacate Mr. Graham's § 924(c) conviction and re-sentence him.

**ARGUMENT**

A. Legal Framework

18 U.S.C. § 924(c)(1)(A) criminalizes possessing, brandishing, or discharging a firearm "during and in relation to" a "crime of violence."  18 U.S.C. § 924(c)(3) defines a crime of violence as a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or "(B) [] by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  Section 924(c)(3)(A) is known as the "elements clause" and § 924(c)(3)(B) is known as the "residual clause."

In 2015, the Supreme Court voided for vagueness the residual definition of a "violent felony" found in the Armed Career Criminal Act (18 U.S.C. § 924(e)(2)(B)(ii)) that is nearly identical to that

contained in § 924(c)(3)(B). See Johnson, 135 S. Ct. at 2557-58 (imposing an increased sentence under the residual clause of the ACCA, which provides that a felony that "involves conduct that presents a serious potential risk of injury to another" should be treated as a "violent felony," violates the Constitution's guarantee of due process). Then, less than a year later, the Supreme Court issued a decision in Welch v. United States, 136 S. Ct. 1257 (2016), holding that Johnson announced a substantive rule that applied retroactively on collateral review. Id. at 1264-65.

Following Johnson and Welch, courts were in disagreement about the extent to which those decisions applied to convictions under 18 U.S.C. § 924(c). Last year, the Supreme Court resolved those disagreements in United States v. Davis, 139 S. Ct. 2319 (2019), and applied the vagueness doctrine it invoked in Johnson to strike the residual clause definition of a "crime of violence" under § 924(c)(3)(B) as unconstitutional. Davis, 139 S. Ct. at 2323-24. Thus, after Davis, an offense is a valid § 924(c) predicate only if it has as an element, the use, attempted use, or threatened use of force against the person or property of another. See § 924(c)(3)(A).

In striking § 924(c)(3)(B) as unconstitutionally vague, the Supreme Court also reaffirmed that judges must employ a categorical approach in determining whether an offense qualifies as a crime-of-violence predicate under § 924(c)(3). Davis, 139 S. Ct. at 2329-30. The categorical approach requires courts to "look only to the statutory definitions—i.e., the elements—of a defendant's [ ] offense, and not to the particular facts underlying [the offense]," in determining whether the offense qualifies as a "crime of violence." Descamps v. United States, 570 U.S. 254, 261 (2013) (quotation marks and citation omitted). Because the categorical approach compels courts to "focus on the intrinsic nature of the offense rather than on the circumstances of the particular crime … only the minimum criminal conduct necessary for conviction under a particular statute is relevant." United States v. Acosta, 470 F.3d 132, 135 (2d Cir. 2006).

In the context of § 924(c)(3)(A), the categorical approach compels courts to consider whether the "most innocent" or "minimum criminal" conduct penalized by a statute necessarily requires "physical force"—i.e., "strong," "great," or "extreme" physical force under Johnson v. United States, 559 U.S. 133, 140 (2010)—against the person or property of another. If not, then the offense categorically fails to qualify as a "crime of violence" and cannot support a § 924(c) conviction. Here, because neither conspiracy to commit Hobbs Act Extortion nor Hobbs Act Extortion categorically requires the use of strong, physical force against the person or property of another, they are not valid § 924(c) predicates and Mr. Graham's sentence must be vacated.

   **B. It is possible to commit conspiracy to commit Hobbs Act Extortion without using, attempting, or threatening physical force against the person or property of another.**

To establish a conspiracy to commit Hobbs Act Extortion under 18 U.S.C. § 1951, the government need only show that two or more persons entered into an agreement to commit extortion that, if completed, would have affected interstate commerce. United States v. Clemente, 22 F.3d 477, 480-81 (2d Cir. 1994); L. Sand, Modern Standard Jury Instructions, 19-3S ("federal conspiracy is merely "an agreement among two or more persons to achieve an unlawful object . . . the carrying out of the substantive crime"). The government does not even have to prove any overt act; the agreement suffices. Clemente, 22 F.3d at 480; United States v. Persico, 832 F.2d 705, 713 (2d Cir. 1987) (overt acts in furtherance of conspiracy need not be pleaded or proved). Thus, because a conspiracy to commit Hobbs Act Extortion is not limited to instances involving the threatened, attempted, or actual use of physical force against the person or property of another, Mr. Graham's conviction is not a valid "crime of violence" predicate. See, e.g., United States v. Barrett, 937 F.3d 126, 128 (2d Cir. 2019) (vacating defendant's conviction for using a firearm in committing Hobbs Act robbery conspiracy "because the identification of that crime as one of violence depends

Page 3

on the § 924(c)(3)(B) residual definition, which <u>Davis</u> has now pronounced unconstitutionally vague").

### C. The completed offense of Hobbs Act Extortion also does not require that physical force be used, threatened, or attempted.

The completed offense of Hobbs Act Extortion also does not qualify as a crime-of-violence predicate under § 924(c)(3)(A). 18 U.S.C. § 1951(b)(2) defines extortion as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." On its face, obtaining another's property under the color of official right does not require the use of force. Rather, in order to prove extortion under color of official right, the government need only show that a public official has obtained a payment to which he was not entitled, knowing that the payment was made in return for official acts. <u>United States v. Middlemiss</u>, 217 F.3d 112, 117 (2d Cir. 2000). The "under color of official right" variety of Hobbs Act Extortion alone takes the statute beyond the scope of § 924(c)(3)(A).

However, assuming arguendo that Hobbs Act extortion "under color of official right" is a distinct offense because it applies only to public officials (a point Mr. Graham does not concede),[1] it is indisputable that 18 U.S.C. § 1951(b)(2) covers the taking of another's property, with his consent, induced by <u>fear of pecuniary loss</u> without any attempted, threatened, or actual exertion of physical force. See <u>DeFalco v. Bernas</u>, 244 F.3d 286, 313 (2d Cir. 2001) ("This Circuit's case law on extortion by wrongful use of fear of economic loss is comprised of cases in which the evidence was plain that nonpayment would result in preclusion from or diminished opportunity for some existing or potential economic benefit.") (internal citations and quotations omitted). This includes

---

[1] <u>Cf.</u> <u>United States v. Percoco</u>, 317 F. Supp. 3d 822 (S.D.N.Y. 2018) (holding, as a matter of first impression, that defendant could not commit substantive Hobbs Act Extortion under color of official right as a principal because he was not a public official).

**Page 4**

nonviolent blackmail and other forms of economic extortion. See United States v. Clemente, 640 F.2d 1069, 1073 (2d Cir. 1981) (non-payment would lead to loss of existing carpentry account); United States v. Daley, 564 F.2d 645, 650 (2d Cir.1977) (failure to provide free supplies and labor to union official would lead to loss of jobs and labor unrest); United States v. Rastelli, 551 F.2d 902, 904-05 (2d Cir. 1977) (failure of lunch truck suppliers to pay kickbacks to union official would lead to loss of union members' business); United States v. Villalobos, 748 F.2d 953, 955, 956-57 (9th Cir. 2014) (Hobbs Act Extortion committed where defendant threatened or offered to mislead authorities investigating an offense).

Perhaps because the statute proscribes the taking of another's property through the non-violent threat of economic loss, the government has conceded in other out-of-district cases that Hobbs Act Extortion fails to satisfy the definition of a "crime of violence" under § 924(c)(3)(A). Diri v. United States, No. 3:05-CR-376-RJC-1, 2019 WL 5076388, at *3 (W.D.N.C. Oct. 9, 2019) ("The Court finds that the underlying offense was Hobbs Act extortion which the Government correctly concedes is not a crime of violence under § 924(c)'s force clause."); Brown v. United States, No. 3:05-CR-376-RJC-3, 2020 WL 437921, at *2 (W.D.N.C. Jan. 28, 2020) ("The offense underlying Petitioner's § 924(c) convictions was Hobbs Act extortion which the Government correctly concedes is not a crime of violence under § 924(c)'s force clause."). Against this backdrop, any notion that Hobbs Act Extortion requires the use, attempted use, or threatened use of force is without merit. Without a qualifying predicate, Mr. Graham's § 924(c) conviction cannot stand.

## CONCLUSION

For the reasons set forth above and in Mr. Graham's initial motion, the Court should vacate his conviction under 18 U.S.C. § 924(c) and resentence him.

                                            Respectfully Submitted,

                                            FEDERAL DEFENDERS OF NEW YORK

DATED: February 7, 2020                  /s/Amanda David
                                                                 Amanda David
                                                                 Andrew Dalack
                                                                 Assistant Federal Defender
                                                                1 Pierrepont Plaza, 16th Floor
                                                                Brooklyn, NY 10007
                                                                Tel.: (718) 330-1208

## **CERTIFICATE OF SERVICE**

I certify that on February 7, 2020, a copy of this motion was served on counsel for respondent via the electronic case filing system

DATED: February 7, 2020

/s/
Amanda David
Assistant Federal Defender