```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
UNITED STATES OF AMERICA,

        -against-                         ORDER
                                          05-CR-0016-1(JS)
LARONE GRAHAM,

                    Defendant.
---------------------------------------X
APPEARANCES
For United States:    Lara T. Gatz, Esq.
                      Charles Rose, Esq.
                      United States Attorney's Office
                      Eastern District of New York
                      610 Federal Plaza
                      Central Islip, New York 11722

For Defendant:        Amanda L. David, Esq.
                      Andrew Dalack, Esq.
                      Federal Defenders of New York
                      One Pierrepont Plaza, 16th Floor
                      Brooklyn, New York 11201
```

SEYBERT, District Judge:

Currently before the Court is Defendant Larone Graham's ("Defendant") petition to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255 ("Section 2255") (the "Section 2255 Petition"). (Petition, ECF No. 888; Suppl. Petition, ECF No. 1005.) Also before the Court is Defendant's motion for bond pending resentencing (the "Bond Motion"). (Bond Mot., ECF No. 1009; Suppl. Bond Mot., ECF No. 1012.) For the reasons that follow, the Section 2255 Petition is GRANTED and the Bond Motion is DENIED.

DISCUSSION

I.  Defendant's Section 2255 Petition

As relevant here, on February 16, 2007, a jury convicted Defendant of three counts of conspiracy to commit Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a), one count of Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a), one count of conspiracy to commit Hobbs Act Extortion in violation of 18 U.S.C. § 1951(a), one count of Hobbs Act Extortion in violation of 18 U.S.C. § 1951(a), and one count of discharging[1] a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) ("Section 924(c)"). (Min. Entry, ECF No. 396; Jury Verdict Sheet, ECF No. 398.) On remand from the Second Circuit, the Court resentenced Defendant to 60 months' incarceration for the Section 924(c) conviction, to run consecutive to 300 months' incarceration on the remaining counts. (Min Entry, ECF No. 848; Sec. Am. J., ECF No. 879.)

Defendant argues that the Court should vacate his Section 924(c) conviction because the predicate crimes -- Hobbs Act extortion and conspiracy to commit Hobbs Act extortion -- fall under the residual clause of Section 924(c)(3)(B) that was declared unconstitutionally vague in United States v. Davis, 139

---

[1] By summary order issued December 1, 2015, the Second Circuit directed the Court to replace "discharging a firearm" with "using a firearm" and replace Section 924(c)(1)(A)(iii) with Section 924(c)(1)(A)(i). See United States v. Graham, 632 F. App'x 4, 8 (2d Cir. 2015).

2

S. Ct. 2319 (2019).  (See Suppl. Petition at 1.)  The Government consents.  (Gov't Ltr., ECF No. 1007.)  Therefore, on consent, the Section 2255 Petition is GRANTED and the Section 924(c) conviction (Count Ten) is VACATED.

The Court will resentence Defendant on the remaining counts of conviction after taking into consideration all of his conduct, as well as his personal history.  See Davis, 139 S. Ct. at 2336 ("[D]efendants whose § 924(c) convictions are overturned by virtue of today's ruling will not even necessarily receive lighter sentences: As this Court has noted, when a defendant's § 924(c) conviction is invalidated, courts of appeals 'routinely' vacate the defendant's entire sentence on all counts 'so that the district court may increase the sentences for any remaining counts' if such an increase is warranted." (quoting Dean v. United States, 137 S. Ct. 1170, 1176 (2017))).  The Court directs the Probation Department to prepare a revised Presentence Report, principally to recalculate the Guidelines range without reference to the Section 924(c) conviction, although the Probation Department is free to consider any additional factors it deems relevant and to make any sentencing recommendation it deems appropriate.

II.  Defendant's Motion for Bond Pending Resentence

Defendant also moves for release on bail pending resentencing pursuant to the Court's "inherent authority" and 18 U.S.C. § 3145(c) ("Section 3145(c)").  (Bond Mot. at 8-11 & 8

3

n.12.)  Specifically, Defendant seeks release based upon certain health conditions and the spread of COVID-19 among the prison population.  (Suppl. Bond. Mot. at 9.)  Upon due consideration,[2] the Bond Motion is DENIED.

Defendant was convicted of various violations of 18 U.S.C. § 1951(a).  Consequently, he must "be detained pending sentence under § 3143(a)(2), unless the Court finds (1) that there is either a substantial likelihood that a motion for acquittal or new trial will be granted or an attorney for the government has recommended that no imprisonment be imposed, <u>and</u> (2) that, by clear and convincing evidence, the defendant is not likely to flee or pose a danger to any other person or the community." <u>United States v. Rivas</u>, No. 19-CR-0529, 2020 WL 1814156, at *1 n.2 (S.D.N.Y. Apr. 9, 2020) (emphasis in original) (citing 18 U.S.C. §§ 3143(a)(2), (f)(1)(A)).  Defendant has not satisfied the requirements of Section 3143(a)(2)(A).  <u>United States v. Paulino</u>, No. 19-CR-0054, 2020 WL 1847914, at *5 (S.D.N.Y. Apr. 13, 2020).  Thus, Defendant's "only hope for release is the 'escape hatch' found in Section 3145(c), which authorizes bail where a defendant (1) 'meets the conditions of release set forth in section

---

[2] The Court has considered the parties submissions (Bond Mot; Suppl. Bond Mot.; Def. Sept. 21, 2020 Ltr., ECF No. 1010; Gov't Bond Opp., ECF No. 1011; Def. Dec. 7, 2020 Ltr., ECF No. 1016; Def. Dec. 17, 2020 Ltr., ECF No. 1018; Def. Dec. 18, 2020 Ltr., ECF No. 1019), and the arguments asserted at oral argument (Min Entry, ECF No. 1017).

4


3143(a)(1),' meaning he establishes by clear and convincing evidence that he is not a flight risk or a danger to the community, and (2) 'if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.'" Id. (quoting 18 U.S.C. § 3145(c)).

Defendant "does not at all address the issue of community safety," Rivas, 2020 WL 1814156, at *2, but argues that "[a]gainst the backdrop of the COVID-19 pandemic, [Defendant's] health conditions are extraordinary and compelling grounds for his release on bail" (Bond Mot. at 10). The Court is not persuaded that there is "clear and convincing evidence [that Defendant] is not a flight risk and danger to the community." United States v. Ortiz, No. 18-CR-0413, 2020 WL 2765042, at *1 (S.D.N.Y. May 28, 2020). At oral argument, Defendant urged the Court to grant his Bond Motion noting the possibility of financial and/or "strict" conditions of release. However, while "location monitoring, home detention, in-person visits and other forms of supervision might help mitigate concerns of flight or danger to the community, Pretrial Services and Probation currently face significant difficulties in providing such monitoring because of the pandemic and the increasing number of bail applications it has caused." Id. at *2. In any event, Defendant has "not provided clear and convincing evidence that he meets the statutory requirements for bail." Id. (collecting cases); United States v. Jones, No. 19-

5

CR-0125, 2020 WL 1934997, at *4 (S.D.N.Y. Apr. 22, 2020) (concluding that facts did not support finding by clear and convincing evidence that defendant was not flight risk in part due to a mandatory five-year sentence); United States v. Rollins, 11-CR-0251, 2020 WL 1482323, at *2 (W.D.N.Y. Mar. 27, 2020) ("As serious as it is, the outbreak of COVID-19 simply does not override the statutory detention provisions.").

Because the Court finds that there is no clear and convincing evidence that Defendant "is not likely to flee or pose a danger to the safety of any other person or the community if released," the Court need not address whether he has shown that "there are exceptional reasons why [his continued] detention would not be appropriate." 18 U.S.C. § 3143(a)(1); 18 U.S.C. § 3145(c); see also United States v. Alvarez, No. 18-CR-00656, 2020 WL 6785334, at *3 (S.D.N.Y. Nov. 18, 2020). Nonetheless, the Court recognizes that Defendant raises "serious concerns that his health conditions" -- including deep vein thrombosis, asthma, obesity, and sleep apnea -- may place him at a heightened risk of severe illness should he contract COVID-19. (Bond Mot. at 9; Def. Dec. 7, 2020 Ltr.; Def. Dec. 18, 2020 Ltr.) However, a fear of contracting COVID-19 alone is not "a sufficiently compelling circumstance to justify Defendant's release." United States v. Watson, No. 19-CR-0004, 2020 WL 2315415, at *4 (E.D.N.Y. May 6, 2020); United States v. Landji, No. 18-CR-0601, 2020 WL 1674070,

6

at *5 (S.D.N.Y. Apr. 5, 2020) (denying release where defendant failed to allege "that he has been exposed to the virus or that he has not received appropriate medical care"). Therefore, "while the Court is sympathetic to [Defendant's] concerns about his health and the threat that COVID-19 poses, the statutory factors clearly mandate his continued detention." United States v. Todd, No. 12-CR-0045, 2020 WL 1974219, at *3 (S.D.N.Y. Apr. 24, 2020). Accordingly, Defendant's Bond Motion, seeking release from custody pending resentence, is DENIED.[3]

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendant's Section 2255 Petition (ECF Nos. 888 and 1005) is GRANTED and the Section 924(c) conviction (Count Ten) is VACATED; and the Clerk of the Court is respectfully directed to close the corresponding civil case;

IT IS FURTHER ORDERED that Defendant's Bond Motion (ECF Nos. 1009, 1010, and 1012) is DENIED;

IT IS FURTHER ORDERED that the Probation Department shall prepare a revised and updated Presentence Report on or before

---

[3] For the same reasons, the Court declines to grant release under its inherent authority. See Mapp v. Reno, 241 F.3d 221 (2d Cir. 2001). Moreover, to the extent not already pursued, Defendant may seek relief in the form of a furlough under 18 U.S.C. § 3622 or home confinement as contemplated in the CARES Act, Pub. L. No. 116-136 (2020), and the Attorney General's April 3, 2020 memorandum to the Bureau of Prisons ("BOP"). The decision to grant that relief is reserved to the discretion of the BOP.

February 9, 2020; and the Court will set a date for resentencing under separate order.

The Court declines to issue a certificate of appealability because Defendant has not made a substantial showing that he was denied a constitutional right.  <u>See</u> 28 U.S.C. § 2253(c)(2).

                                      SO ORDERED.

                                      /s/ JOANNA SEYBERT
                                      Joanna Seybert, U.S.D.J.

Dated:    December  23 , 2020
            Central Islip, New York